CHARLES W. GREEN, Administrator, *vs.* NATHAN FRENCH
& others.

*If,* on a petition for review of a judgment, a bond is given providing for the payment of
whatever shall be due to the obligee " upon the judgment aforesaid, after the final judg-
ment in review," and no writ of review is granted, but the petition is dismissed, there is
no breach of the condition of the bond.

CONTRACT. The declaration alleged that Martha Hay re-
covered a judgment against George W. Grover, one of the
defendants, in the court of common pleas; that Grover peti-
tioned for a review; that he as principal, and the other defend-
ants as sureties, executed to Hay a bond, a copy whereof was
annexed; that, after due proceedings, the petition for review
was finally dismissed, and costs taxed in favor of Hay; that
the judgment was not reversed, and is still in force; that Hay
has since died, and the plaintiff is administrator of her estate;
and that payment of the bond has been demanded and re-
fused. The bond, after reciting the prior legal proceedings, con-
tained a provision as follows: " if the said George W. Grover
shall pay to the said Martha Hay whatever shall be due to her
upon the judgment aforesaid, after the final judgment in review,"
then it shall be void. The defence relied upon was, that no writ
of review was granted, and that there has been no final judgment
in review, and therefore no breach of the condition; but, after
the facts alleged were proved, *Ames*, J., ruled that the plaintiff
was entitled to recover, and the jury returned a verdict accord-
ingly. The defendants alleged exceptions.

*H. G. Herrick*, for the defendants.

*A. V. Lynde*, for the plaintiff.

BIGELOW, C. J. We think it very clear that there has been no
breach of the bond declared on. The petition for a review, and
the review itself, if granted, are two separate and independent
proceedings. In the former, the only judgment that can be
given is, that a review shall or shall not be granted; and such
judgment is final in that proceeding. If a writ of review is

granted, it is a new process, to be sued out, served and returned like original writs, and in which the parties are again impleaded and a new judgment is rendered. *Davenport* v. *Holland*, 2 Cush. 1, 11. In the present case the condition of the bond is not to pay whatever should be due on the original judgment or any part of it, when final judgment on the petition for review should be rendered, but to pay that sum after the final judgment in review. This clearly contemplates the contingency of a writ of review being granted on the petition and a final judgment on that process, but makes no provision for the event which actually happened, a final judgment on the petition for a review by its dismissal. This latter order or decree can in no sense be regarded as a final judgment in review.

The condition of the bond is inartificially drawn, and does not conform to the terms prescribed by Rev. Sts. *c.* 99, § 22. It should have provided for the payment of whatever should appear to be due to the obligee after the final judgment in the review, instead of stipulating for the payment of whatever should be due upon the original judgment. But this would not vitiate the bond if the plaintiff could show that the contingency of a final judgment in review had ever happened. This he fails to do, because no writ of review was ever sued out. It is quite possible that the plaintiff supposed that the condition also embraced the contingency of a failure to prosecute the petition for review with effect, as it might well have done if the court had so ordered it, under Rev. Sts. *c.* 99, § 22. But it does not, and sureties have a right to insist on the strict construction of their written contract. We can look only at the language in which it is expressed, and give to it a just interpretation. When that is done, the meaning of the written words must be deemed the conclusive evidence of the real intent of the parties.

*Exceptions sustained.*